**Steve D. Larson,** OSB No. 86354
Email: slarson@ssbls.com
**David F. Rees,** OSB No. 94513
Email: drees@ssbls.com
**Joshua L. Ross**, OSB No. 03438
Email: jross@ssbls.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:      (503) 227-6840

**Attorneys for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JON LEIGHTER and DAVID SPICER, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | (Illegal Deductions from Wages, Rescission, Declaratory Relief, Injunctive Relief, and Violations of Oregon Wage & Hour Laws) |
| FEDEX GROUND PACKAGE SYSTEM, INC., and FEDEX GROUND PACKAGE SYSTEM, INC. d/b/a FEDEX HOME DELIVERY, INC., | <u>JURY TRIAL DEMAND</u> |
| Defendants. | |

Plaintiffs, on behalf of themselves and all others similarly situated, allege upon their knowledge, information and belief, formed after an inquiry reasonable under the circumstances, as follows:

Page 1 - **CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1

## INTRODUCTION

1.

Throughout most of the upper-tier parcel shipping industry, the drivers who actually pick up and deliver packages are the employees of the companies for which they drive. This is true, for example, of FedEx, the parent of defendant FedEx Ground Package System, Inc. and of FedEx's largest competitors. This designation makes sense: these shippers have developed a highly regulated set of procedures and protocols that they could not require of drivers if they were independent contractors.

2.

Almost unique in the industry, however, are the drivers who deliver for defendant FedEx Ground Package System, Inc. Though these drivers are similarly subject to tightly regulated control by FedEx Ground, they are nevertheless called independent contractors by FedEx Ground. True independent contractor status would permit Plaintiffs certain freedoms to operate their business as they see fit, and to run the risks and rewards of owning a business. But there is nothing "independent" about the actual job requirements imposed on drivers by FedEx Ground.

3.

Accordingly, if FedEx Ground is going to treat Plaintiffs and Class Members as employees, then it must compensate them as employees, as well. Thus, this lawsuit, on behalf of the named Plaintiffs and the Class and subclasses described below, and as set out in greater detail below, seeks:

- a declaration that Plaintiffs and the Class are in fact, FedEx Ground employees;
- injunctive relief, precluding Defendant from engaging in the unlawful practices alleged in this complaint;

Page 2 - **CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1

- compensation for all of the business expenses Plaintiffs and the Class were illegally required by FEG to bear, for all of the employment taxes, unemployment compensation and workers compensation that FEG should have but did not pay;
- the quantum meruit value of their services as employees;
- all unpaid overtime at a rate of one and one-half times the regular rate of pay;
- all unpaid wages currently owing and not timely paid to former employees at the time the employment relationship was terminated; and
- penalty wages.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over all other claims asserted in this action via 28 U.S.C. §1332 and 28 U.S.C. §1367.

5.

Venue in the District of Oregon is proper because Defendant resides and transacts business in this District and all named class members perform (or performed) work for Defendant in this District.

## PARTIES

6.

Jon Leighter was, during the relevant time period, and continues to be a driver for FedEx Home Delivery, a division of FedEx Ground.

7.

David Spicer was, during the relevant time period, a driver for FedEx Home Delivery, a division of FedEx Ground.

Page 3 - CLASS ACTION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1

8.

Defendant FedEx Ground Package System, Inc. and FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery, Inc. (hereafter collectively referred to as "Defendant" or "FXG") is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. FXG is a part of the "family" of corporations controlled by Federal Express Corporation. At all relevant times, FXG was engaged in providing small package information, transportation and delivery services in the United States, including in the State of Oregon.

9.

FXG is specifically defined in this complaint to include all successor, predecessor, and subsidiary entities to which these allegations pertain.

## COMMON FACTS

10.

Defendant employs thousands of drivers to pick up and deliver packages for its customers throughout the United States. As a condition of employment, each FXG driver (referred to by Defendant as a "P&D contractor") must sign a "Pick-Up and Delivery Contractor Operating Agreement" and Addenda thereto (referred to hereinafter, as combined, as "OA" or the "Operating Agreement" or the "Agreement") as a mandatory condition of employment. These Operating Agreements were designed to conceal the true nature of the relationship between FXG and its drivers: that of employer and employee. The date, time and place of execution of each driver's Operating Agreement is within the knowledge of Defendant as each Agreement is maintained in the driver files described above, in the regular course of business. The Operating Agreement between each member of the Plaintiff Class and Defendant is the same in all material respects. The Operating Agreements between Plaintiffs and FXG

Page 4 - **CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1

contain all of the same identical material terms with only a few, minor and insubstantial differences.

11.

The Operating Agreement contains various statements purporting to classify Plaintiffs and Plaintiff Class Members as independent contractors. At the same time, the Operating Agreement retains to the company, *inter alia*, the right to approve or disapprove any vehicle used to provide service; the right to approve or disapprove any driver or helper who provides service; the right to approve or disapprove the purchase or sale of any vehicle; the right to assign pickup and delivery stops to each driver; the right to temporarily or permanently transfer portions of any route to another with or without compensation; the right to determine when a driver has "too few" or "too many" packages to deliver on a given day; the right to inspect vehicles and drivers for compliance with company-promulgated appearance standards; the right to terminate the contract upon thirty days notice or whenever the company unilaterally determines that any provision of the contract has been "violated," amounting to the right to terminate at will; the right to require the use of communication equipment and the wearing of company uniforms; the right to take a vehicle out of service; the right to review and evaluate "customer service" and to set and change standards of such service; the right to require drivers to perform service at "times" requested by customers and determined by Defendant; the right to withhold pay for certain specified expenses; the right to require purchase of specified insurance and numerous other purchases by drivers; the right to require completion of specified paperwork; and other rights reserved to Defendant.

Page 5 - **CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1

12.

The Operating Agreement is and at all relevant times has been a contract of adhesion, drafted exclusively by Defendant and/or its legal counsel, with no negotiation with drivers, who are required to sign the Agreement as a condition of employment. Plaintiffs and Plaintiff Class Members are required to sign the Agreement as is, without any changes made to the terms contained therein. Each year, drivers are required to sign additional Addenda which are likewise not subject to negotiation and are unilaterally drafted adhesion contract provisions. The Agreement is, and at all material times has been unlawful, unconscionable and fraudulent in form and effect.

13.

Defendant has created and regularly updated a large number of written policies and procedures outside of the Operating Agreement that drivers are never given, but nonetheless are required to follow in their work. Defendant's written policies are contained in the FedEx Ground Manual, Operations Management Handbook, Settlement Manual and numerous other written and extra-contractual policies that are actively concealed from drivers and which Defendant fails to disclose and/or provide to drivers that govern the relationship between Defendant and the drivers. The other written handbooks and manuals and additional extra-contractual sources include, but are not limited to, written rules on "contractor" termination, directives and training provided to terminal managers, written rules on driver appearance (with illustrative poster), written and oral complaint procedures, memorandum and directives to terminal management, and other rules concealed from and not provided to the drivers. When drivers do not follow an FXG rule, whether disclosed or undisclosed, known or unknown, they are subject to various types of punishment, some financial and some disciplinary, up to and

Page 6 - **CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

7523\001\00132168-1

including contract termination and/or non-renewal. Defendant documents such so called violations of such rules on forms referred to as "Business Discussion Notes" and retain these documents in secret driver files called "DOT" files, along with myriad other documents which are likewise concealed from and not disclosed to the drivers.

14.

Defendant's right of control over Plaintiff Class Members is also retained and/or exercised by Defendant as demonstrated by concealed and/or undisclosed extra-contractual sources such as Company written rules and policies described above and unwritten practices which supplement and fill gaps in the written Agreement.

15.

Examples of FXG control include:

- *Minimum daily hours.* Plaintiffs and Class Members must spend at least seven hours daily on the road, even if they have completed all their assigned deliveries and pickups. Plaintiffs and Class Members are docked if they leave the road early, even if their deliveries are completed.

- *Required insurance.* FXG requires a certain level of auto, liability and workers' compensation insurance, and further requires that Plaintiffs and Class Members buy their insurance from FXG.

- *No substitute drivers.* Plaintiffs and Class Members are not permitted to allow drivers who are not pre-approved by FXG to assume their job duties even temporarily.

- *Uniforms.* Plaintiffs and Class Members are required to wear FXG uniforms, without any variance. Their uniform may only be purchased from FXG.

- *Truck decals.* Plaintiffs and Class Members are required to decorate their trucks with the same standard-issue FXG decals, which is only available from FXG.

- *Punching the clock.* Plaintiffs and Class Members are required to carry an electronic scanner. Plaintiffs and Class Members are required to electronically "punch in" at the start of their workday, and "punch out" at the conclusion. The scanner transmits throughout the day, and records the whereabouts of the Plaintiffs and the Class Members.

Page 7 - CLASS ACTION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

7523\001\00132168-1

- *Controlled departures.* Plaintiffs and Class Members are not permitted to depart from their terminal until after the entire package sort is complete, even where Plaintiffs and Class Members have loaded and readied all of their packages that they are required to deliver. They are required to wait until FXG completes its paperwork.

- *Bonus tied to FedEx Ground performance.* Plaintiffs' and Class Members' bonuses are tied to the performance of FXG.

- *Authority over workdays.* FXG has the right to order the Plaintiffs and Class Members to work holidays and days after holidays (such as the Friday after Thanksgiving). Failure to show up to work on these required days can result in termination.

- *Authority over work assignments.* FXG assumes complete authority over which geographical area is to be serviced by Plaintiffs and Class Members. Plaintiffs and Class Members are not permitted to exchange those assigned geographical areas among themselves.

- *Authority over work load.* FXG exercises total control over the workload of Plaintiffs and Class Members.

- *Authority over drop-offs and pickups.* FXG assumes complete control over the daily drop-off and pickups assignments of Plaintiffs and Class Members. Plaintiffs and Class Members are not permitted to informally exchange work assignments among themselves.

- *Authority over the selling of routes.* Plaintiffs and Class Members cannot buy and sell their FXG assigned routes without prior approval by FXG.

- *No potential for entrepreneurial risks and rewards.* Plaintiffs and Class Members are compensated on a highly structured system that gives them no ability to exercise entrepreneurship or otherwise engage in the risks and rewards associated with owning a business. Accordingly, Plaintiffs and Class Members are paid a daily stipend, based on their geographical area assigned by FXG, and are paid a set amount for each FedEx assigned stop, and separately for each FedEx-assigned delivered package.

- *No opportunity to sell FXG services.* Plaintiffs and Class Members cannot take orders from customers for FXG services.

- *No opportunity to compete.* Plaintiffs and Class Members cannot separately offer pickup and/or delivery services independent from FXG.

- *"Company store."* Plaintiffs and Class Members receive weekly paychecks from FXG. From their total owed (assigned route stipend plus assigned stops plus completed deliveries), FXG deducts various compulsory expenses. These business expenses are for services (such as the leasing of equipment) that Plaintiffs and Class Members cannot shop around to other vendors to seek a better deal.

Page 8 - **CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

7523\001\00132168-1

- *Approval requirements.* FXG requires that all Plaintiffs and Class Members (and those substitute drivers who Plaintiffs and Class Members want to occasionally assume their job duties) take and pass a FXG institutional course.
- *Port-to-port control.* Plaintiffs and Class Members are required to begin their workday at their assigned FXG terminal.

16.

Despite Defendant's control over virtually all material aspects of the employment relationship, and despite the unequivocal command of applicable statutes and case law to the effect that workers such as Plaintiffs are entitled to the protections due employees under Oregon law, and despite the finding of the Los Angeles Superior Court in Estrada v. FedEx Ground Package Systems, Inc. (Case # BC 210130) that these drivers are employees, Defendant continues to misclassify their drivers as independent contractors. As a result, these drivers are deprived of the rights and protections guaranteed by Oregon state law to employees, including the right to compensation for overtime hours worked, and they are deprived of employer-financed workers compensation coverage and unemployment insurance benefits. Furthermore, the terms and conditions of their employment contract require these drivers to purchase, operate and maintain expensive trucks for Defendant's exclusive benefit and to work under other unlawful conditions. Defendant's mischaracterization of their drivers as independent contractors, the concealment and/or non-disclosure of the true nature of the relationship between Defendant and its drivers and the attendant deprivation of substantial rights and benefits of employment are part of an on-going unlawful and fraudulent business practice by Defendant which this court should enjoin.

Page 9 - **CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1

## CLASS ALLEGATIONS

17.

For purposes of plaintiffs' First, Second, Third, Fourth, and Sixth Claims for Relief, as set forth below, plaintiffs' bring this case on behalf of the following Class:

> All persons who: 1) entered or will enter into a FXG Ground or FXG Home Delivery form Operating Agreement (now known as form OP-149 and form OP-149 RES); 2) drove or will drive a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) since July 20, 1999, to provide package pick-up and delivery services pursuant to the Operating Agreement; and 3) were dispatched out of a terminal in the state of Oregon.

18.

Additionally, for purposes of plaintiffs' Fifth and Sixth Claims for Relief, as set forth below, plaintiffs' bring this case on behalf of the following Subclass:

> All persons who: 1) entered or will enter into a FXG Ground or FXG Home Delivery form Operating Agreement (now known as form OP-149 and form OP-149 RES); 2) drove or will drive a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) to provide package pick-up and delivery services pursuant to the Operating Agreement; 3) were dispatched out of a terminal in the state of Oregon; and 4) who, at any time after August 1, 2005, operated vehicles with a gross vehicle weight rating of less than 10,001 pounds.

19.

The named Plaintiffs fit within these descriptions.

20.

All Class Members share an interest in ascertaining whether they should be treated as employees, or as independent contractors.

Page 10 - **CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

7523\001\00132168-1

21.

The named Plaintiffs will fairly and adequately represent the Class. The named Plaintiffs have no interest antagonistic to the members of the Class, and have retained lawyers experienced in Class action litigation to prosecute their case.

22.

The Class is large, numbering into the hundreds. Accordingly, joinder is impracticable.

23.

This case will be manageable as a class action. Nearly all relevant information, e.g., the identity of those Class Members, can be found in written and electronic records of FXG.

24.

Pursuant to Fed. R. Civ. P. 23(a)(2) and (a)(3), there are questions of law or fact common to the Class, including, but not limited to:

    a. Whether Plaintiffs and Class Members have the requisite independence and discretion of independent contractors;

    b. Whether the uniform acts of defendant convert the Plaintiffs and the Class, by law, into "employees;"

    c. Whether Plaintiffs and the Class are entitled to be reimbursed for Defendant's business expenses that they covered;

    d. Whether Plaintiffs and the Class are entitled to their pension and health benefits plans because they are, in fact, employees;

    e. Whether the actions of FXG are applicable to the Class as a whole, entitling Class Members to injunctive relief;

    f. Whether members of the proposed Subclass are entitled to overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over

Page 11 - **CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

7523\001\00132168-1

forty hours per week; and

  g. Whether the members of the Class and Subclass who have terminated the employment relationship with Defendant are entitled to penalty wages for defendant's failure to timely pay all outstanding amounts of compensation owed upon termination of the employment relationship.

25.

The claims of Plaintiffs are typical of the claims of each member of the Class as a whole and are based on and arise out of identical conduct by FXG.

26.

Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in class action litigation. Plaintiffs will fairly and adequately represent the interests of the members of the Class.

27.

The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for defendant.

28.

Defendant's actions are generally applicable to the Class as a whole, and Plaintiffs seek remedies with respect to the Class, and Subclass, as a whole.

29.

The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class and Subclass, and a class action is the superior method for fair and efficient adjudication of the controversy.

Page 12 - CLASS ACTION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

7523\001\00132168-1

## FIRST CLAIM FOR RELIEF

(Illegal Deductions From Wages Under O.R.S. 652.610)

30.

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

31.

Plaintiffs and the Class are "employees" as defined in O.R.S. 652.310 and are not free from the control and direction of Defendant.

32.

Defendant unlawfully withheld monies from the compensation earned by Plaintiffs and Plaintiff Class Members for business expenses of Defendant, including but not limited to vehicle expenses, cargo claims and insurance claims in violation of O.R.S. 652.610. Plaintiffs and Plaintiff Class Members have not expressly and freely given written consent to such deductions, and these deductions are not made in response to a valid wage assignment or deduction order. Such deductions were not for the Plaintiffs and Plaintiff Class Members employees' benefit.

33.

Defendant has withheld said funds unlawfully without providing Plaintiffs and Plaintiff Class Members with advance notice of such amounts, reasons or documentation to justify such deductions, and absent any lawfully sufficient reason for such conduct.

34.

As a direct and proximate result of Defendant's conduct, Plaintiffs and Plaintiff Class Members suffered substantial losses and have been deprived of compensation to which they

Page 13 - CLASS ACTION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1

were entitled, including the greater of monetary or statutory damages, civil penalties, pre-judgment interest, costs and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF

(Rescission of Operating Agreement)

35.

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

36.

Despite the express terms of the Operating Agreement, Plaintiffs' relationship with FXG satisfies every aspect of the test for employment, and not for independent contractor status.

37.

FXG controls virtually every aspect of the Plaintiffs' work and earnings, as set forth in the general allegations hereof.

38.

Despite this control and the actual status of the drivers as employees, FXG mischaracterizes Plaintiffs and the Class as independent contractors. As a result, these drivers are denied overtime compensation and must pay substantial sums of their own money for work-related expenses, including but not limited to the purchase or lease of vehicles meeting company specifications, and all costs of operating, insuring and maintaining those vehicles.

39.

The Operating Agreement illegally and unfairly advantages FXG by mischaracterizing the status of Plaintiffs in that FXG evades employment-related obligations, such as overtime, social security contributions, workers' compensation coverage, and state disability and

Page 14 - CLASS ACTION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1

unemployment compensation, illegally shifting the expense of workers' compensation coverage and other expenses to Plaintiffs.

40.

The Operating Agreement between FXG and Plaintiffs and members of the Class is void as against public policy and therefore unenforceable, as failing to recognize the employment status of the Plaintiffs and the Class Members, and therefore denying them the legally cognizable benefits of employment.

### THIRD CLAIM FOR RELIEF

(Declaratory Relief Against Defendant)

41.

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

42.

An actual controversy has arisen between Plaintiffs and the members of the Class, on the one hand, and Defendant, on the other hand, relating to the following matters:

a. Whether Defendant has unlawfully misclassified Plaintiffs and the members of the Class as independent contractors, and has thus denied them of the common benefits of employee status, such as

    i. wages;

    ii. holiday pay;

    iii. workers' compensation;

    iv. unemployment insurance;

    v. contributions to the Defendant's retirement plan;

    vi. income tax withholding;

Page 15 - CLASS ACTION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1

      vii. meal, break and rest periods.

    b. Whether Defendant has unlawfully failed to pay benefits and compensation, including overtime, owing in a timely manner to Plaintiffs and Plaintiff Class Members whose employment with Defendant ended, as required by Oregon law.

    c. What amounts Plaintiffs and Plaintiff Class Members are entitled to receive in compensation and benefits.

    d. What amounts Plaintiffs and Plaintiff Class Members are entitled to receive in interest on unpaid compensation due and owing.

    e. What amounts Plaintiffs and Plaintiff Class Members are entitled to receive from Defendant in statutory penalties and interest.

43.

Plaintiffs and Plaintiff Class Members further seek entry of a declaratory judgment in their favor which declares Defendant's practices as heretofore alleged to be unlawful and which provides for recovery of all sums determined by this Court to be owed by Defendant, and each of them, to the Plaintiffs and Plaintiff Class Members.

## FOURTH CLAIM FOR RELIEF

(Injunctive Relief)

44.

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs

45.

Defendant will continue to misclassify Plaintiff Class Members as independent contractors and unlawfully deny them the common benefits of employee status.

Page 16 - **CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1

46.

Plaintiff and Plaintiff Class Members have been injured and damaged, and are threatened with injury and damage, by Defendant's continued misclassification and unlawful refusal to pay all compensation and benefits as heretofore alleged, and Plaintiff and Plaintiff's Class Members have no adequate remedy at law.

47.

Plaintiff has reasonable fear that Defendant, upon receiving notice of this lawsuit, will take such action or inaction resulting in the termination, harassment, demotion, reassignment, or reduction in currently paid compensation or benefits against Plaintiff Class Members, to their detriment, in retaliation for attempting to enforce their rights under Oregon law.

48.

Defendant has acted, and threatened to act, on grounds generally applicable to the individual members of the Class, thereby making appropriate preliminary and permanent injunctive relief enjoining Defendant and their agents from practicing the unlawful practices heretofore alleged.

### FIFTH CLAIM FOR RELIEF

(Violation of Oregon Wage and Hour Laws on Behalf of the Subclass)

49.

Plaintiffs restate and reallege the above paragraphs as if fully set forth herein.

50.

At all relevant times, Defendant was an "employer" within the meaning of O.R.S. 652.010, *et seq*, and O.R.S. 653.010, *et seq*.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

7523\001\00132168-1

51.

O.R.S. 653.261 and O.A.R. 839-020-0030 require Defendant to pay all employees time and one-half for time worked in excess of forty hours per week. As alleged above, Defendant's illegally misclassified members of the Subclass as independent contractors and, as a result, failed to pay them all compensation due for hours worked above forty hours per week.

52.

As a result of Defendant's violations, members of the Subclass are entitled to damages in the amount of their respective unpaid wages earned and due at the regular hourly wage rate, and their respective unpaid overtime wages, as provided in O.R.S. 653.261 and 653.055, and O.A.R. 839-020-0030 as well as all costs and reasonable attorney fees pursuant to O.R.S. 652.200(2) and 653.055(4).

### SIXTH CLAIM FOR RELIEF

(Penalty Wages on Behalf of the Class and Subclass)

53.

Plaintiffs restate and reallege the above paragraphs as if fully set forth herein.

54.

O.R.S. 652.140 and O.A.R. 839-001-0420 provide that all wages that have been earned but not paid become due and payable no later than at the next regularly scheduled payday after employment has terminated, or earlier if the employee was discharged or terminated by mutual agreement.

55.

As described above, Defendant violated Oregon law in that it unlawfully withheld monies from the compensation earned by Plaintiffs and Plaintiff Class Members for business expenses of Defendant. Likewise, Defendant illegally failed to pay all employees time and one-

Page 18 - CLASS ACTION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1

half for time worked in excess of forty hours per week. As a result, Defendant failed to pay members of the Class and Subclass who have terminated the employment relationship all compensation due at the time the employment relationship terminated.

56.

As a result of those violations, Plaintiffs and members of the Class and Subclass are entitled to damages in the amount of their respective unpaid wages and waiting time penalties under O.R.S. 652.140, 652.150, 652.610 and 653.055, as well as all costs and reasonable attorney fees pursuant to O.R.S. 652.200(2) and 653.055(4).

## JURY DEMAND

57.

Plaintiffs hereby demand a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs individually, and on behalf of all other similarly situated, pray for the following relief:

    A.    An order certifying the Class and Subclass as described with the named Plaintiffs as Class representatives.

    B.    An order that requires FedEx Ground to rescind the Operating Agreement, and awarding restitution compensating Plaintiffs and the Class for the reasonable value of the benefit provided to FedEx Ground.

    C.    An order requiring FedEx Ground to reimburse and/or indemnify Plaintiffs and Class Members for the FedEx Ground business expenses that they have covered, or statutory damages, whichever is greater.

    D.    An award of all applicable penalty wages.

Page 19 - **CLASS ACTION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1

      E.     An award to the Subclass in the amount of their unpaid overtime compensation.

      F.     An award of attorneys' fees, plus the costs and expenses of this action.

      G.     An award of punitive damages in an amount to be determined at trial.

      H.     Prejudgment interest, as afforded by law.

      I.     An order prohibiting Defendant from engaging in the illegal business practices and behavior; and

      J.     All such other legal and equitable relief to which Plaintiffs and Class are entitled.

DATED this 1st day of June, 2007.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: _____
**Steve D. Larson,** OSB No. 86354
Email: slarson@ssbls.com
**David F. Rees,** OSB No. 94513
Email: drees@ssbls.com
**Joshua L. Ross**, OSB No. 03438
Email: jross@ssbls.com
STOLL STOLL BERNE LOKTING
& SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Attorneys for Plaintiff**

Page 20 - CLASS ACTION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7523\001\00132168-1